**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 15 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



ROSE JOHANSEN,

          Plaintiff - Appellee,

     v.

AMERICAN GENERAL LIFE
INSURANCE COMPANY,

          Defendant - Appellant.

No. 12-56937

D.C. No. 2:11-cv-06668-SJO-FFM

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Argued and Submitted October 7, 2014
Pasadena, California

Before:   HAWKINS and GRABER, Circuit Judges, and SEDWICK,[**] District Judge.

     Rose Johansen appeals the district court's grant of summary judgment in favor

of American General Life Insurance Company ("American General"), dismissing her

---

     [*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     [**] The Honorable John W. Sedwick, United States District Judge for the
District of Alaska, sitting by designation.

claims relating to two life insurance policies owned by her late husband, Gordon Johansen. We review the district court's grant of summary judgment *de novo*. *Travelers Cas. & Sur. Co. of Am. v. Brenneke*, 551 F.3d 1132, 1137 (9th Cir. 2009). We affirm.

The undisputed evidence shows that (1) Gordon Johansen's life insurance policies lapsed due to non-payment of premiums prior to his death, and (2) American General satisfied the notice provisions of the policies. *See Quackenbush v. Omnicor, Inc. (In re First Capital Life Ins. Co.)*, 40 Cal. Rptr. 2d 816, 821 (Ct. App. 1995) (summary judgment appropriate where undisputed facts showed policy had lapsed prior to death of insured); *Scott v. Fed. Life Ins. Co.*, 19 Cal. Rptr. 258, 262 (Dist. Ct. App. 1962) (express provision that default in payment renders the policy void or causes it to lapse is valid and a default in payment ordinarily forfeits the policy where statutory provisions are not violated).

Any alleged failure by American General to comply with California Insurance Code sections 500 and 791.10 does not render the lapse of either policy ineffective because those code provisions do not apply to these circumstances. Indeed, section 500, which requires an insurance company to notify its insureds of the company's intent to discontinue a regular practice of sending renewal premium notices, does not apply when, as here, an <u>insured</u> has specifically requested that the insurance company

2

stop sending premium notices. *See* Cal. Ins. Code § 500 (applying to <u>insurer's</u> decision to discontinue practice of sending renewal premium notices); *cf. Stewart v. Life Ins. Co. of N. Am.*, 388 F. Supp. 2d 1138, 1143 (E.D. Cal. 2005) (order) (applying Cal. Ins. Code § 500 to <u>insurer's</u> unilateral decision to discontinue practice of sending premium notices).

Similarly, section 791.10, which requires an insurance company to provide certain notices in the event of an "adverse underwriting decision," does not apply when, as here, an insurance policy lapses due to non-payment of premiums. *See* Cal. Ins. Code § 791.10(a) (applying to "adverse underwriting decision"); *id.* § 791.02(a)(1) (defining "adverse underwriting decision" to include "termination" or "declination" of coverage); *id.* § 791.02(x) (defining "termination" as the cancellation or non-renewal of a policy "for any reason other than the failure to pay a premium as required by the policy").

**AFFIRMED.**